IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–01600–EWN–KMT

PARKER EXCAVATING, INC., a
Colorado corporation,

    Plaintiff,

v.

RIO GRANDE PORTLAND CEMENT
CORPORATION, a foreign corporation,
a/k/a GCC RIO GRANDE, INC., a foreign
corporation, and
THE INDUSTRIAL COMPANY, a
Colorado corporation,

    Defendants.

**ORDER AND MEMORANDUM OF DECISION**

This is a contracts case. Plaintiff Parker Excavating, Inc., alleges Defendants Rio Grande Portland Cement Corporation ("Rio Grande") and The Industrial Company ("TIC") breached various construction contracts with it. This matter is before the court on Defendant Rio Grande's "Motion to Determine Timeliness of Notice of Removal and Alternative Motion for Leave to File Amended Notice of Removal," filed August 6, 2007. Jurisdiction is ostensibly premised upon diversity of citizenship under 28 U.S.C. § 1332.

**FACTUAL BACKGROUND**

On June 26, 2007, Plaintiff filed a complaint in Pueblo County District Court alleging various contractual causes of action against Defendants relating to Plaintiff's role as the principal contractor for improvements to Defendant Rio Grade's property in Pueblo, Colorado. (*See* Notice of Removal, Ex. 4 at 1 [Compl.] [filed July 30, 2007] [hereinafter "Notice of Removal"].) On July 27, 2007, Defendant Rio Grande filed a notice of removal to this court, arguing that Defendant TIC had been fraudulently joined to Plaintiff's action to prevent federal diversity jurisdiction. (*See* Notice of Removal at 2–5.) Because this court's clerk's office was closed by the time Defendant Rio Grande electronically filed its notice of removal on Friday, July 27, 2007, Plaintiff was unable to pay the filing fee until Monday, July 30, 2007. (*See* Mot. to Determine Timeliness of Notice of Removal and Alternative Mot. for Leave to File Am. Notice of Removal at 2 [filed Aug. 6, 2007] [hereinafter "Def.'s Br."].) When Defendant Rio Grande paid its fee to the clerk's office on Monday, the clerk stamped its notice of removal as filed on July 30, 2007, pursuant to D.C.COLO.LCivR 3.3. (*See* Def.'s Br. at 3; Notice of Removal); D.C.COLO.LCivR 3.3 (2008) (stating "the clerk shall require payment of a filing fee before a civil action, suit, or proceeding is filed").

On August 6, 2007, Defendant Rio Grande filed a motion requesting a determination of the timeliness of its notice of removal, and, in the alternative, seeking leave to amend its notice to allege that such notice was timely filed within thirty days of when Defendant Rio Grande purportedly determined that Defendant TIC had been fraudulently joined. (*See* Def.'s Br.) On

August 27, 2007, Plaintiff filed a response to Defendant Rio Grande's motion. (*See* Resp. to Mot. to Determine Timeliness of Notice of Removal and Alternative Mot. for Leave to File Am. Notice of Removal [filed Aug. 27, 2007].) On September 11, 2007, Defendant Rio Grande filed a reply. (*See* Reply in Supp. of Mot. to Determine Timeliness of Notice of Removal and Alternative Mot. for Leave to File Am. Notice of Removal [filed Sep. 11, 2007].) This matter is fully briefed.

## ANALYSIS

Title 28, section 1447(c) of the United States Code states in relevant part that: "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] days after the filing of the notice of removal." 28 U.S.C. § 1447(c) (2006). Tenth Circuit law interpreting this provision holds that a party's objections to defects in the removal procedure do not implicate a court's subject matter jurisdiction, and thus may be waived for noncompliance with section 1447(c). *See Huffman v. Saul Holdings Ltd. P'Ship*, 194 F.3d 1072, 1076–77 (10th Cir. 1999); *see also Washburn v. Santa Fe Tow*, 164 F. App'x 740, 741–42 (10th Cir. 2006) (finding that plaintiff had waived objections to defects in removal procedure by not raising them within thirty days of notice of removal).

In the instant case, I find that Defendant Rio Grande's motion to determine the timeliness of its notice of removal is moot because Plaintiff has not timely filed a motion to remand based on alleged defects in Defendant Rio Grande's removal procedure. *See* 28 U.S.C. § 1447(c) (2006). Defendant Rio Grande filed its notice of removal by July 30, 2007, at the latest, and as of the date of this order, Plaintiff has yet to file a motion to remand. (*See* Notice of Removal.) As such, I

find Plaintiff has waived any objection to the timeliness of this notice. *See Huffman*, at 1076–77; *Washburn*, 164 F. App'x at 741–42. Moreover, to the extent Plaintiff might protest that its August 27, 2007, response to Defendant Rio Grande's motion should be read as a motion to remand, I direct Plaintiff to this court's local rules of procedure, and note the inequity that would result were I to ignore one of this court's rules to allow Plaintiff to demonstrate Defendant Rio Grande's noncompliance with another. *See* D.C.COLO.LCivR 7.1(c) (2008) (stating that "a motion shall not be included in a response or reply to the original motion"). Finally, I note that any objections to the subject matter jurisdiction of this court cannot be waived and will accordingly be considered in any appropriate filings in which they appear.

Based on the foregoing it is therefore ORDERED that:

1. DEFENDANT Rio Grande's motion (#10) is DENIED as moot.

Dated this 19th day of February, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge