IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01600-EWN-KMT

PARKER EXCAVATING, INC.,
a Colorado Corporation,

      Plaintiff and Counterclaim Defendant,

v.

RIO GRANDE PORTLAND CEMENT CORPORATION,
a/k/a GCC RIO GRANDE, INC.,
a foreign corporation,

      Defendant and Counterclaimant.

___

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Kathleen M. Tafoya, United States Magistrate Judge**

This case comes before the court on the parties' "Joint Motion to Amend Scheduling Order and to Vacate Pretrial Conference" (Doc. No. 69) filed October 6, 2008. Parker Excavating Inc. filed a petition for relief under Chapter 11 in the Bankruptcy Court for the District of Colorado on July 2, 2008, which is currently pending as Case. No. 08-19552 (MER). The parties agreed, and this court ordered, that a prior Preliminary Pretrial Conference should be vacated, and the court reset the Preliminary Pretrial Conference to October 14, 2008. Shortly thereafter, GCC Rio Grande filed a Motion for Relief from Stay in the Bankruptcy Court. The Bankruptcy Court eventually granted the relief sought both by counsel for GCC Rio Grande on September 5, 2008. The parties are now free to litigate this matter. However, in light of the passage of time, the parties now seek an extension of some of the deadlines in the Scheduling

Order and an extension of the dispositive motions deadline. The court finds the parties have stated good cause for their motion.

WHEREFORE, for the foregoing reasons, it is ORDERED that the "Joint Motion to Amend Scheduling Order and to Vacate Pretrial Conference" (Doc. No. 69) be GRANTED and that the deadlines set forth in the Scheduling Order are extended as follows:

> **Discovery Cutoff — Fact Discovery: January 9, 2009**
> **Discovery Cutoff — Expert Discovery: January 23, 2009**
> **Claimants' Expert Disclosures: November 17, 2008**
> **Rebuttal Expert Disclosures: December 15, 2008**
> **Completion of Expert Depositions: No later than January 23, 2009**
> **Preliminary Pretrial Conference: Continued from October 14, 2008 to January 26, 2008 at 9:30 a.m.**

In addition, it is RECOMMENDED that the dispositive motions deadline of November 1, 2008, originally set by Chief Judge Edward W. Nottingham, be extended to **February 1, 2009.**

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 7th day of October, 2008.

                **BY THE COURT:**

                */s/ Kathleen M. Tafoya*
                Kathleen M. Tafoya
                United States Magistrate Judge