IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01600-CMA-KMT

PARKER EXCAVATING, INC., a Colorado Corporation,

    Plaintiff and Counterclaim Defendant,

GREGORY PARKER,

    Counterclaim Defendant,

v.

RIO GRANDE PORTLAND CEMENT CORPORATION,
a/k/a GCC RIO GRANDE, INC., a foreign corporation,

    Defendant and Counterclaimant.

## ORDER

This matter is before the court on "Plaintiff and Counterclaim Defendant Parker Excavating, Inc.'s Motion for Leave to File First Amended Complaint" [Doc. No. 55, filed June 16, 2008]. Defendant and Counterclaimant filed its response on July 9, 2009 [Doc. No. 61]. The court has reviewed the submissions of the parties and the contents of the court files.

A Scheduling Order was filed in this matter on April 14, 2008 by this court. That order specified that the deadline date for Joinder of Parties and Amendment of Pleadings was June 16, 2008. [Doc. No. 50.] Therefore, the motion and proposed amended complaint were timely filed.

Plaintiff and Counterclaim Defendant seeks to amend the complaint to add claims for promissory estoppel and promissory fraud. Defendant and Counterclaimant does not oppose the motion at add a claim for promissory estoppel, but it opposes the motion to amend to add a claim for promissory fraud because, it asserts, Plaintiff and Counterclaim Defendant failed to comport with the heightened pleading standard required of Fed. R. Civ. P. 9(b) or the notice pleading standard of Fed. R. Civ. P. 8. (Resp. ¶ 4.)

Pursuant to Fed. R. Civ. P. 15(a), the court should freely give leave to amend the pleadings when justice so requires. *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b)

2

(2008). The Tenth Circuit has interpreted Rule 9(b) to require "a complaint alleging fraud 'to set forth the time, place and contents of the false representations, the identity of the party making the false statements and the consequences thereof'" *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 [(10th Cir.1991])); *accord Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir.1997). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and factual ground upon which [they] are based. . . ." *Koch*, 203 F.3d at 1236 (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 [(10th Cir.1992])).

In the proposed first amended complaint, with respect to the promissory fraud claim, Plaintiff and Counterclaim Defendant merely makes conclusory allegations that Defendant and Counterclaimant "intended to pay Parker Excavating for work outside the scope of the contract;" and that Defendant and Counterclaimant "made the representations with the intention of not paying Parker Excavating for work outside the scope of the contract" and "with the intent that Parker Excavating would rely on them." (Doc. No. 55, Attach. 2, ¶¶ 44, 46–47.) Plaintiff's averments do not fully comply with Rule 9(b), because Plaintiff fails to state the time and place the alleged misrepresentations were made or the identity of the party making the false statements. *See Koch*, 203 F.3d at 1236; *Schwartz*, 124 F.3d at 1252. Tenth Circuit precedent is clear that a complaint alleging fraud must identify the "contents of the false representations." *Id.*

Therefore, it is ORDERED:

1.   "Plaintiff and Counterclaim Defendant Parker Excavating, Inc.'s Motion for Leave to File First Amended Complaint" [Doc. No. 55] is GRANTED in part and DENIED in

part. The motion is GRANTED with respect to amending the complaint to add a promissory estoppel claim. The motion is DENIED with respect to amending the complaint to add a promissory fraud claim.

2. Plaintiff and Counterclaim Defendant Parker Excavating, Inc., shall file its first amended complaint omitting the claim for promissory fraud no later than January 16, 2009.

Dated this 9th day of January, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge