IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| PARKER EXCAVATING, INC., | ) |
|     Plaintiff and Counter-<br>    claim Defendant, | ) |
| v. | ) Case No. CV-07-1600-RJC-KMT |
| GREGORY PARKER, | ) |
|     Counterclaim Defendant, | ) |
| RIO GRANDE PORTLAND<br>CEMENT CORP., a/k/a GCC RIO<br>GRANDE, INC., | ) |
|     Defendant and<br>    Counterclaimant | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Parker Excavating Inc. ("PEI"), and Defendant Rio Grand Portland Cement Corp., a/k/a GCC Rio Grande, Inc. ("GCC"), entered into a contract for PEI to perform earth-moving construction services at a plant GCC was constructing. During the course of the contract, the parties had several conflicts which culminated in PEI filing the present action. GCC counterclaimed, seeking damages for alleged shortcomings by PEI. Beginning on November 30, 2009, the parties tried their dispute to a jury. On December 4, the jury reached a decision as follows: for PEI on the breach of contract claim awarding damages of $1.00; for PEI on the unjust enrichment claim awarding damages of $1,728,322.00; for GCC on breach of contract counterclaim awarding damages of $1.00; for GCC on breach of trust fund counterclaim awarding damages of $531,000.00. The Court did not enter judgment on the

verdict but directed the parties to file post-trial motions briefing certain issues. The parties have now filed the briefs requested by the Court and the matter is ripe for disposition

In its post-trial motion PEI requests the Court to enter a judgment of foreclosure on the mechanic's lien and grant a remittur or new trial on the trust fund counterclaim. GCC requests the Court to award it treble damages on the trust fund claim and award its attorney fees, costs, and interest.

**1. Trust Fund**

Under Colorado law, a property owner can recover damages from a contractor who received money but failed to pay subcontractors the amounts due them. The statute is designed first to ensure that subcontractors are paid for the work they performed and second to protect property owners from paying twice for the same work. In re Regan, 151 P.3d 1281, 1283 (Colo. 2007). GCC alleged that it was forced to pay certain subcontractors a second time because PEI had failed to pay the subcontractor from funds it received from GCC. As noted above, the jury awarded GCC $531,000.00 on this claim. PEI argues this award cannot stand as it was not supported by evidence. According to PEI, the evidence at trial established GCC's damages for the breach of trust fund claim at $351,000.00.

To prove a violation of the trust fund statute, GCC had to show:

> 1. GCC made payments to Parker Excavating for Parker Excavating's performance of its contract with GCC; and
> 2. Parker Excavating contracted with subcontractors, laborers, and/or materialmen for the performance of a portion of the work on the GCC project; and
> 3. Rather than using all of its contract payments from GCC to pay those subcontractors, laborers, and materialmen, Parker Excavating retained

2

> or diverted some of the money that it was paid by GCC, thereby leaving some subcontractors, laborers, or materialmen unpaid.

(Dkt. No. 115, Exh. 3, p.20). Once the jury determined PEI was liable, it was instructed to determine the appropriate measure of damages by awarding:

> damages to GCC in an amount equal to the amount of money that GCC paid directly to Parker Excavating's subcontractors, laborers, or materialmen. However, those damages cannot exceed the difference between the amount of money GCC paid to Parker Excavating and the amount of money that Parker Excavating paid to subcontractors, materialmen, and laborers who performed work for Parker.

(Id. at p. 24). At trial, GCC offered the testimony of Mr. Medina on this issue. Mr. Medina's testimony addressed only an unpaid invoice for Colorado Machinery in the amount of $351,000. GCC's arguments regarding other amounts which could be derived from various exhibits ignore the fact of the testimony offered at trial and would require the jury to have a far greater understanding of the exhibits and what they reflect than can be supported from the testimony. The Court finds GCC's arguments in support of the jury verdict to be based on rampant speculation. This is particularly true as none of those arguments would result in an amount even remotely close to the figure awarded by the jury. Rather, given the clear testimony of Mr. Medina and the similarity of the numbers it is far more likely the jury simply transposed two numbers in writing the amount on the verdict form. Whether or not this is the case, the sum granted by the jury is not supported by the evidence and cannot stand.

PEI requests the Court either enter a remittitur to the amount of $351,000.00 or grant GCC a new trial on the issue of damages for the trust fund claim.

> In the usual remittitur situation, a trial judge reviews the jury's verdict in order to determine if substantial evidence at trial supported the amount awarded. If the court finds that insufficient evidence exists, or finds the amount of the verdict a product of jury passion or prejudice, the court then may determine a reasonable amount as plaintiff's damages and allow plaintiff to remit the excess over such amount.

O'Gilvie v. Int'l Playtex, Inc., 821 F.2d 1438, 1448 (10th Cir. 1987). As noted above, the jury's award of $531,000.00 is not supported by the evidence; accordingly a remittitur is appropriate. Thus, GCC shall accept a remittitur of the trust fund damages award to $351,000.00 or a new trial will be held solely on the issue of the amount of damages awarded for PEI's trust fund violation. See Sloan v. State Farm Mut. Auto.Ins. Co., 360 F.3d 1220, 1225 (10th Cir. 2004) (noting that to protect Seventh Amendment rights, court must offer choice between remittitur or new trial). GCC shall file notice within seven days of the date of this Order of its decision.[1]

In its post-trial motion, GCC argues that the trust fund award should be trebled. GCC argues that the violation of the trust fund statute amounts to a theft under C.R.S. § 18-4-401 and therefore C.R.S. § 18-4-405 entitles GCC to treble damages. PEI argues no trebling should occur as GCC failed to prove PEI had any criminal intent. According to PEI, there must be a showing of criminal intent before a "theft" as required by the statute can be shown. PEI argues there must be evidence demonstrating an intent to permanently deprive of the use or benefit of property.

---

[1] Although the amount may vary, the Court will resolve GCC's claim that the trust fund award should be trebled within this Order, rather than waiting until the amount is finalized.

4

PEI's arguments are supported by In re Barnes, 377 B.R. 289 (Bankr. D. Co. 2007). However, that case is not precedent and the Court finds that a close reading of the relevant statutes demonstrates GCC is correct. The jury award to GCC was premised on a violation of C.R.S. § 38-22-127, commonly referred to as the trust fund statute. That statute imposes a trust on monies paid by an owner to a general contractor to ensure payment of subcontractors. Syfrett v. Pullen, 209 P.3d 1167, 1172 (Colo. App. 2008). Subsection 5 of the statute states: "[a]ny person who violates the provisions of subsections (1) and (2) of this section commits theft, as defined in section 18-4-401, C.R.S." The jury's verdict establishes PEI violated subsections (1) and (2) of § 38-22-127. Thus, the verdict establishes that PEI committed theft with intent. See C.R.S. § 18-4-401(1)(a): "(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and: (a) Intends to deprive the other person permanently of the use or benefit of the thing of value . . . ." Once these acts are established, the GCC is entitled to the benefits of C.R.S. § 18-4-405, which includes treble damages. To the extent the court in Barnes held that an additional showing of criminal conduct is required, the Court finds no statutory support for this holding. Even were a finding of criminal conduct, required, §18-4-401 clearly imposes criminal intent on a person violating the statute. As noted above, PEI's violation was established by the jury's verdict on § 38-22-127.

The only question remaining then is whether the trebling is discretionary with the Court. Although the statute uses the word "may," that word is in reference to the ability of the owner to recover damages, not as a grant of discretion to the Court on whether or not to

award treble damages. See In re Krupka, 317 B.R. 432 (Bankr. D. Co. 2004). Clearly, trebling is required upon satisfaction of the statutory elements of the trust fund statutes. Thus, if GCC accepts the order of remittitur as outlined above, it is entitled to recover $1,053,000 from PEI for violation of the trust fund statute.

**2. Interest**

PEI argues that it is entitled to recover prejudgment interest at the rate of 12% on the jury's award for unjust enrichment. According to PEI, C.R.S. § 38-22-101(5) entitles it to recover interest at the requested rate. GCC argues that PEI is not entitled to recover interest, as it cannot recover a net judgment. According to GCC, the Court should enter only one judgment and when the amount of GCC's recovery on the trust fund statute, trebled, is measured against the amount of PEI's recovery, the net judgment favors GCC and therefore there is no amount to which interest can be applied.

GCC's argument fails. While the Court's proposed reduction of the jury award vitiates GCC's argument, more determinative is resolution of the proper application of set-off under Colorado law. GCC argues that the Court must consider all damages and simply subtract the smaller amount from the larger then enter judgment in the amount that remains. While that practice reflects a general statement of Colorado law, it ignores the requirement that the claims arise from the same general transaction. See York Plumbing & Heating Co. v. Groussman Inv. Co., 443 P.2d 986 (Colo. 1968). As PEI notes, the damages awarded to GCC arose from a violation of the trust fund, while the damages awarded to PEI arose from unjust enrichment. Although the two issues are at least tangentially related, they did not arise

6

from the same transaction. Thus, a set-off is inappropriate. Accordingly, PEI is entitled to recover interest as permitted by statute.

**3. Attorneys' Fees**

GCC seeks to recover the attorneys' fees expended in pursuing its claims in this action. According to GCC, because it recovered under the Rights in Stolen Property Statute (C.R.S. § 18-4-405), it is also entitled to recover attorneys' fees. To that end, GCC requests an award of $636,958.00. While this amount does not include all time GCC's attorneys spent on the case, it does include time working on issues other than the trust fund issue. PEI objects, arguing that any fee award should be limited to time expended pursuing the trust fund claim.

Under Colorado law, any award of attorneys' fees must be reasonable, and the question of what is reasonable is an issue for the Court. Brody v. Hellman, 167 P.3d 192, 198 (Colo. App. 2007). Here, GCC was successful on one part of a case that involved multiple issues among the parties. For many of the claims, a victory on one did not necessarily preclude the other side from winning on a different claim. Of the various claims and counterclaims, only one, the trust fund issue, permits an award of fees to the prevailing party. Thus, while the case was centered around a single project, to treat it as completely interrelated for fee purposes would lead to absurd results. Colorado law counsels against such a result. See Wilkinson v. Gaffney, 981 P.2d 1121, 1123 (Colo. App. 1999). GCC argues that the policies behind the trust fund statutes warrant an award for all time sought, rather than apportionment to time spent on that issue. The Court disagrees. While it is clear

7

the Colorado legislature intended to encourage enforcement of the trust fund statutes, there is no indication that encouragement was meant to trump the requirement of reasonableness in attorneys' fees awards. Thus, the Court finds that although GCC is entitled to recover its attorneys' fees, that award must be limited to the time spent prosecuting the trust fund statute claim. The Court has reviewed the materials submitted by GCC and finds making the apportionment on the record before it to be impracticable. Moreover, PEI should have the opportunity to contest any request made. Accordingly, GCC shall, within 15 days of the date of this Order, submit a revised Motion for Attorneys' Fees setting forth only that time reasonably expended pursuing the claim under the trust fund statute. PEI may respond within ten days of GCC's filing and GCC may file a reply five days thereafter.

As set forth more fully herein, Defendant and Counterclaimant Rio Grande Portland Cement Corporation's Corrected Motion for Entry of Judgment for Treble Damages, Attorneys Fees, Costs and Interest (Dkt. No. 123) is GRANTED in part and DENIED in part. Plaintiff Parker Excavating, Inc.'s Combined Post-Trial Motion (A) for Entry of Judgment of Foreclosure of Mechanics' Lien, and (B) for Judgment as a Matter of Law or for New Trial on Counterclaimant's Trust Fund Claim (Dkt. No. 121) is GRANTED. As explained herein, notice of the decision on remittur shall be filed with the Court within seven days.

IT IS SO ORDERED this 24th day of March, 2010.

_____
ROBIN J. CAUTHRON
United States District Judge